NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMARIS MAYBELLI ESPINO-
ALARCON; et al.,

No. 25-3020

      Petitioners,

Agency Nos.
A220-501-767
A220-152-446

  v.

MEMORANDUM[*]

TODD BLANCHE, Acting Attorney
General,

      Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Damaris Maybelli Espino-Alarcon and her minor son, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen removal proceedings. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, where it was filed over one year after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and petitioners did not show materially changed country conditions in Guatemala to qualify for an exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 989-90 (9th Cir. 2010) (petitioner's evidence lacked materiality because "it simply recount[ed] generalized conditions" in the country of removal). We reject as unsupported by the record petitioners' claim that the BIA did not engage in a meaningful analysis of the evidence.

The motion to stay removal is denied as moot.

**PETITION FOR REVIEW DENIED.**